# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KAYLEE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-CV-52 HEA |
| TASTY KING, LLC, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Compel Arbitration and Dismiss filed by Defendants Tasty King, LLC ("Defendant Tasty") and Diane Roach ("Defendant Roach"). Plaintiff Kaylee Williams opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court grants Defendants' motion to compel arbitration.

## *I. Background*

On August 1, 2024, Plaintiff Williams filed suit against Defendants Tasty, Roach, and Scott Voorhees ("Defendant Voorhees").[1] In her Complaint, Plaintiff alleges that she worked at a Burger King restaurant in Hannibal, Missouri, which is owned and operated by Defendant Tasty. She further alleges that Defendant Voorhees is also the owner of the Hannibal Burger King location, and that Defendant

---

[1] The record does not reflect service of process on Defendant Voorhees.

Roach was her direct supervisor and the general manager. She alleges that all three defendants were her "statutory employers." (ECF No. 1 at 3). In her Complaint, Plaintiff brings claims against the three defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 et seq. ("MMWL"), and for failure to provide Plaintiff's final paycheck in contravention of Mo. Rev. Stat. § 290.110. Plaintiff also brings a common law breach of contract claim.

Defendants Tasty and Roach did not file an answer to the Complaint, but rather they filed a motion to compel arbitration and to dismiss the Complaint. In their motion, Defendants Tasty and Roach argue that Plaintiff entered into a mutual, binding arbitration agreement that requires the parties to resolve any dispute that may arise between them through binding arbitration. Defendants further argues that the claims Plaintiff brings in this suit fall within the scope of that agreement and moves that the Court dismiss this suit and compel arbitration.

## II. Discussion

The Federal Arbitration Act ("FAA") applies to contracts evidencing transactions "involving commerce." 9 U.S.C. § 2; *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract,

> transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Supreme Court has interpreted this provision broadly as exercising the full scope of Congress's commerce-clause power. *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–77 (1995). Here, Plaintiff does not contest Defendants' assertion that the FAA is applicable to the contract at issue, and the Court finds the statute applies.

> Under the FAA:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Fam. Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Accordingly, where there is an enforceable agreement to

3

arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Loc. 36047, TNG-CWA v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011).

In their Motion, Defendants argue that Plaintiff is bound by an "Election and Arbitration Agreement" that she signed on June 24, 2024 as part of Tasty's Employee Handbook (the "Arbitration Agreement"), a copy of which is attached to Defendants' Motion.[2] (ECF No. 16, Ex. 1 at 6). The Arbitration Agreement states the following:

> I recognize that disputes may arise between the Company (or one of its affiliates) and me during or after my employment with the Company. I understand and agree that any and all such disputes that cannot first be resolved through the Company's problem-solving procedure or mediation must be submitted to binding arbitration.
>
> I acknowledge and understand that by signing this Agreement I am giving up the right to a jury trial on all of the claims covered by this Agreement in exchange for eligibility for the Plan's medical, disability, dismemberment, death and burial benefits and in anticipation of gaining

---

[2] A motion to compel arbitration is properly analyzed under either Fed. R. Civ. P. 12(b)(6), the motion to dismiss standard, or Fed. R. Civ. P. 56, the summary judgment standard. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). If a party presents evidence outside the pleadings, which is not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. *Id.* at 882. Plaintiff does not object to the admissibility or authenticity of the Arbitration Agreement, and the Court will apply the summary judgment standard under Rule 56.

4

> the benefits of a speedy, impartial, mutually-binding procedure for resolving disputes.
>
> This agreement to resolve claims by arbitration is mutually binding upon both me and the Company (and its affiliates), and it binds and benefits our successors, subsidiaries, assigns, beneficiaries, heirs, children, spouses, parents and legal representatives.

(*Id.*)

In her response memorandum, Plaintiff does not dispute the fact that she signed the Arbitration Agreement. She also does not dispute Defendants' characterization of her cause of action and the fact her claims would fall under its terms. Nevertheless, Plaintiff opposes Defendants' Motion and argues: (1) that the Arbitration Agreement violates the FLSA provision that Plaintiff may recover her reasonable attorneys' fees and costs if her action is successful; (2) the Arbitration Agreement provides none of the details required of an enforceable contract and, therefore, it is invalid; and (3) Defendants waived their right to arbitrate by invoking Rule 11 of the Federal Rules of Civil Procedure. Notably, Plaintiff does state in her memorandum that "[she] will consent to arbitrate provided that Defendants pay the entire cost of arbitration, and Plaintiff requests that this matter be stayed pending the outcome of the arbitration." (ECF No. 19 at 1).

First, Plaintiff's argument that the Arbitration Agreement violates the FLSA is without merit. In opposing arbitration, Plaintiff points to no specific provision in the FLSA that is violated by the parties' Arbitration Agreement. Plaintiff references

5

the provision in the FLSA that allows a prevailing plaintiff to recover reasonable attorney's fees and costs, 29 U.S.C. § 216(b), but she does not point to any language in the Arbitration Agreement that would prevent Plaintiff from seeking and obtaining such relief should she prevail in arbitration. *Marzek v. Mori Milk & Ice Cream Co.*, No. 01 C 6561, 2002 WL 226761, at *3 (N.D. Ill. Feb. 13, 2002) (granting motion to compel arbitration of FLSA claims and noting that "[t]he arbitration agreement signed by plaintiff contains no provision that precludes the arbitrator from awarding the same relief under the FLSA that would be awarded by a court.").

Second, Plaintiff contends that the Arbitration Agreement is invalid because the agreement is silent as to who should arbitrate the dispute, where the arbitration should take place, what rules should apply, and who should bear the costs of arbitration.  She argues that in light of these missing terms, the Arbitration Agreement lacks mutuality, which is necessary for enforcement. In support of her argument, Plaintiff cites to two state court cases. *Flanzman v. Jenny Craig, Inc.*, 456 N.J. Super. 613, 196 A.3d 996 (App. Div. 2018), *rev'd,* 244 N.J. 119, 236 A.3d 990 (2020); *Flores v. Nature's Best Distribution, LLC*, 7 Cal. App. 5th (Cal. App. 2016).

Again, Plaintiff's argument is without merit.  Setting aside that one of the state court cases she cites has been overturned, the legal authority upon which she relies is neither controlling nor persuasive because, among other things, the FAA itself

6

contemplates that parties may not have outlined the method for selecting an arbitrator. The statute provides that the Court may appoint an arbitrator "if no method [is] provided" in the clause. 9 U.S.C. § 5. Furthermore, multiple district courts, including those within the Eight Circuit Court of Appeals, have compelled arbitration despite the fact that the arbitration clauses were silent as to who or what service should arbitrate the dispute and which rules or procedures should apply. *See, e.g.*, *Computer Forensic Servs., Inc. v. Braun Hagey & Borden LLC*, No. CV 22-2665 DWF/ECW, 2023 WL 1767304, at *2 (D. Minn. Feb. 3, 2023) (finding arbitration agreement was enforceable and compelling arbitration under FAA even though arbitration clause did not specify who would arbitrate or what rules would apply); *ATG Sports Indus., Inc. v. Allsynthetic Grp., Inc.*, No. 12-cv-187, 2013 WL 12204308, at *4 (W.D. Mo. Feb. 4, 2013) (same); *Marzek*, 2002 WL 226761, at *2 (same); see *also Keebler Co. v. Truck Drivers, Loc. 170*, 247 F.3d 8, 11 (1st Cir. 2001) ("Where an arbitration agreement is silent ... the arbitrator is free to set his own rules of procedure so long as he stays within the bounds of fundamental fairness."). The Court agrees with these decisions, and it has been noted, procedural and discovery rules can be decided and agreed upon after an arbitrator is selected. *See Computer Forensic Servs.*, 2023 WL 1767304 at *2. The Court declines to find that the Arbitration Agreement is unenforceable for lack of specificity.

7

As for Plaintiff's argument that the Arbitration Agreement is invalid because it does not provide who will pay the costs of arbitration, the United States Supreme Court has addressed this issue directly. The Supreme Court held that the fact that an arbitration agreement is silent as to costs and fees does not render the agreement unenforceable. *Green Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 91 (2000). In short, the Court finds Plaintiff's argument as to the enforceability of the Arbitration Agreement is without merit.

Finally, Plaintiff argues that Defendants Tasty and Roach waived their right to arbitrate. A party waives the right to enforce an arbitration agreement when: (1) the party is aware of an existing right to arbitrate; and (2) the party acted inconsistently with that right. *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024). A party has acted inconsistently with the right to arbitrate, when he or she "[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007) (quotation omitted). Citing to "Exhibit 1," Plaintiff asserts that "Defendants began Rule 11 proceedings even while purporting to reserve their right to arbitrate." (ECF No. 19 at 3). There is no "Exhibit 1" attached to Plaintiff's response – or any of her filings – and Plaintiff offers no further explanation was to how Defendants Tasty and Roach invoked Rule 11. After reviewing the record in this case, the Court finds there is no evidence that Defendants

8

instigated "Rule 11 proceedings." The Court does find that Defendants Tasty and Roach asserted their right to arbitrate from the beginning of this suit.  They responded to Plaintiff's Complaint by filing a motion to compel arbitration. Plaintiff's argument that Defendants Tasty and Roach waived their right to arbitrate is without merit.

In sum, Defendants presented evidence to the Court establishing that Plaintiff entered into a mutual, binding Arbitration Agreement with Tasty, and that the agreement not only covers claims by Plaintiff against Defendant Tasty, but that it also applies to Plaintiff's claims against Defendant Tasty's employees, including Defendant Roach.  There is also evidence that Plaintiff's claims in this suit, which involve her employment with Tasty, are covered by the terms of the Arbitration Agreement.  Therefore, the Court finds a valid agreement to arbitrate exists, and that Plaintiff's claims fall within the scope of that agreement. *Newspaper Guild of St. Louis, Local 36047, TNG-CWA*, 641 F.3d at 266. The Court grants Defendants' Motion to Compel Arbitration.

As for whether this case should be dismissed or stayed pending arbitration, Plaintiff concludes her response memorandum by stating "[in] the alternative, the Court should order Defendants to pay the costs of arbitration and stay this matter pending an outcome in arbitration." (ECF No. 19).  Plaintiff provides no support for her argument that Defendants must pay for arbitration, but the Court does concur

9

with Plaintiff that the case should be stayed, not dismissed. The FAA requires a federal district court to stay an action pending an arbitration rather than to dismiss it. *Smith v. Spizzirri*, 601 U.S. 472, 480 (2024) (citing 9 U.S.C. § 3). Therefore, the Court will stay the matter pending the outcome of arbitration. The Court grants Defendants Tasty and Roach's Motion to Compel Arbitration and stays this matter as to Defendants Tasty and Roach pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Tasty King, LLC, and Diane Roach's Motion to Compel Arbitration and Dismiss is **GRANTED in part and DENIED in part.** As set forth in this Opinion, Memorandum, and Order, Defendants' motion to compel arbitration is **GRANTED**, and this matter is **STAYED** pending arbitration as to Defendants Tasty King, LLC, and Diane Roach only. In all other respects, the motion is **DENIED.** [ECF No. 16]

**IT IS FURTHER ORDERED** that the parties shall provide a status report regarding the arbitration process within 90 days of the date of this order.

Dated this 13th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE